# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ADORA SVITAK, a minor child, by and )
through her guardian, JOYCE SVITAK; )
TALLYN LORD, a minor child, by and )
through his guardians, JUSTIN LORD )
and SARA WETSTONE; HARPER )
LORD, a minor child, by and through his )
guardians, JUSTIN LORD and SARA )
WESTONE; ANNA IGLITZIN, a minor )
child, by and through her guardians, )
DMITRI IGLITZIN and EILEEN )
QUIGLEY; JACOB IGLITZIN, a minor )
child, by and through his guardians, )
DMITRI IGLITZIN and EILEEN )
QUIGLEY; COLIN SACKET, a minor )
child, by and through his guardians, )
BJ CUMMINGS and TOM SACKETT, )
                               )

              Appellants, )

                   )

      v. )

                   )

STATE OF WASHINGTON; )
CHRISTINE GREGOIRE, in her official )
capacity as Governor of Washington )
State; TED STURDEVANT, in his )
official capacity as Director of the )
Department of Ecology; PETER )
GOLDMARK, in his official capacity )
as Commissioner of Public Lands; PHIL )
ANDERSON, in his official capacity as )
Director of the Department of Fish and )
Wildlife, )
              Respondents. )

No. 69710-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: December 16, 2013

GROSSE, J. — Complaint for declaratory and injunctive relief was appropriately dismissed where complainants alleged that under the public trust doctrine, the

atmosphere is a public trust resource, and the State has an affirmative fiduciary duty as its trustee to preserve and protect the atmosphere from global warming for the benefit of present and future generations. The complainants do not contend that the State violated a specific state law or constitutional provision, but instead challenge the State's failure to accelerate the pace and extent of greenhouse gas reduction. This is a political question and under the separation of powers doctrine is within the purview of the legislature. Moreover, the issue is not justiciable as there is no allegation of violation of a specific statute or constitution.

Adora Svitak and other minor children and their guardians (collectively, Svitak) filed a complaint for declaratory and injunctive relief in King County Superior Court against the State, the governor, the directors of the departments of ecology and fish and wildlife, and the commissioner of public lands. The trial court granted the State's motion to dismiss.

In 2007, the legislature recognized that Washington is "especially vulnerable to climate change" and that greenhouse gas emissions must be reduced. RCW 80.80.005(1)(a)(b).[1] In 2008, the legislature stated that "Washington should continue its leadership on climate change policy by creating accountability for achieving the

---

[1] In RCW 80.80.005(1), the legislature found:
(a) Washington is especially vulnerable to climate change because of the state's dependence on snow pack for summer stream flows and because the expected rise in sea levels threatens our coastal communities. Extreme weather, a warming Pacific Northwest, reduced snow pack, and sea level rise are four major ways that climate change is disrupting Washington's economy, environment, and communities;
(b) Washington's greenhouse gases emissions are continuing to increase, despite international scientific consensus that worldwide emissions must be reduced significantly below current levels to avert catastrophic climate change.

2

[greenhouse gas] emission reductions established in RCW 70.235.020." RCW 70.235.005(2). In RCW 70.235.020(1)(a), the legislature required the state to limit emissions of greenhouse gases by reducing emissions to

- 1990 levels by 2020
- 25 percent below 1990 levels by 2035
- 50 percent below 1990 levels by 2050 (or 70 percent below the state's expected emissions that year)

Additionally, the legislature noted that the reduction levels may be revised in the future based on updated science. RCW 70.235.040. In 2009, the governor, recognizing the importance of reducing greenhouse gas emissions, issued an executive order directing state agencies to implement their statutory authorities to address climate change.[2] See also RCW 70.120A.010 (limiting motor vehicle greenhouse gas emissions); RCW 80.80.040 (greenhouse gas standards for electric utilities).[3]

Svitak sought a declaration that the public trust doctrine applies to the atmosphere and that the State has a fiduciary duty, guided by best available science, to reduce carbon dioxide emissions by six percent per year to achieve a certain numeric goal of carbon dioxide atmospheric concentration by the year 2100.

The State moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction and because the public trust doctrine did not apply. The trial court granted the motion and issued an order dismissing the complaint without findings of fact and conclusions of law. Svitak appeals the dismissal of its claims.

---

[2] Executive Order 09-05.
http://www.governor.wa.gov/office/execorders/eoarchive/eo_09-05.pdf.
[3] In 2011, the legislature amended RCW 80.80.040 to specify a timeline for reductions of greenhouse gas emissions caused by the coal-fired TransAlta coal plant. LAWS OF 2011, ch. 180 § 103(3)(c)(i).

The trial court was correct in dismissing this case. Because we conclude that Svitak does not challenge an affirmative state action or the State's failure to undertake a duty to act as unconstitutional, the claims cannot be redressed by the State and we need not reach or separately address all these issues. The complaint here fails as a matter of law because the complainants do not point to any constitutional provision violated by state inaction regarding the atmosphere, do not challenge any state statute as unconstitutional, and, absent such unconstitutionality, cannot obtain a remedy under the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW.

Under the UDJA, the courts have the "power to declare rights, status, and other legal relations" by declaratory judgment. RCW 7.24.010. Our Supreme Court in League of Education Voters v. State[4] recently reaffirmed the requirements needed to find a justiciable controversy that were enunciated in To-Ro Trade Shows v. Collins:[5]

> (1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties have genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.[6]

Svitak's request for relief is essentially a challenge to state inaction. Svitak urges this court to compel the State to create an economy-wide regulatory program to address climate pollution. But the State's inaction does not violate any specific constitutional provision or other law on which relief can be granted. There is no assertion here that a legal right was denied by the other party. Because Svitak does not challenge the

---

[4] 176 Wn.2d 808, 295 P.3d 743 (2013).
[5] 144 Wn.2d 403, 27 P.3d 1149 (2001).
[6] League of Educ. Voters, 176 Wn.2d at 816 (alteration in original) (quoting To-Ro Trade Shows, 144 Wn.2d at 411).

4

constitutionality of the statute or identify a constitutional basis from which we could find the State's inaction to be unconstitutional, there is no actual dispute.

Svitak's declaratory judgment action asks this court to create a new regulatory program. Svitak seeks to have the judiciary impose a new duty based on an unprecedented extension of the common law in a new subject area to create a new judicial cause of action. To create and impose this new duty, would necessarily involve resolution of complex social, economic, and environmental issues. Courts have recognized that creation of such programs under the common law is inappropriate because it invades the prerogatives of the legislative branch, thereby violating the separation of powers doctrine.[7] It is the "legislature's role . . . to set policy and to draft and enact laws."[8] "'[T]he drafting of a statute is a legislative, not a judicial function.'"[9]

The legislature has already acted in this area. Svitak in essence wants this court to accelerate the pace and extend greenhouse gas reduction by ruling that the State has a fiduciary duty to protect and preserve the atmosphere from harm due to climate change. "'[I]t is not the role of the judiciary to second-guess the wisdom of the legislature.'"[10] Because our state constitution does not address state responsibility for climate change, it is up to the legislature, not the judiciary, to decide whether to act as a matter of public policy. This is particularly true here, where the legislature has already

---

[7] Brown v. Owen, 165 Wn.2d 706, 720-21, 206 P.3d 310 (2009).
[8] Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 506, 198 P.3d 1021 (2009).
[9] Hale, 165 Wn.2d at 506 (alteration in original) (citations and internal quotation marks omitted) (quoting Sedlacek v. Hillis, 145 Wn.2d 379, 390, 36 P.3d 1014 (2001)); see also Walker v. Munro, 124 Wn.2d 402, 410, 879 P.2d 920 (1994) (refusing to issue mandamus to compel a public official's discretionary acts because doing so would usurp the authority of a coordinate branch of the government).
[10] NW Animal Rights Network v. State, 158 Wn. App. 237, 239, 242 P.3d 891 (2010) (quoting Rousso v. State, 170 Wn.2d 70, 74-75, 239 P.3d 1084 (2010)).

acted. Court's will not grant relief when a complainant seeks to rewrite a statute. In Pasado's Safe Haven v. State,[11] this court refused to declare unconstitutional provisions of the animal cruelty statute that exempted slaughters performed for religious rituals from its requirements.[12] The Pasado's court held that excising that portion of the statute would encroach on the legislature's authority by criminalizing a means of slaughter that the legislature expressly held lawful, and thus, would result in something that the legislature never contemplated or intended to accomplish. Similarly, Svitak's requested relief would rewrite existing statutes creating an emissions reduction schedule significantly different from that contemplated by the legislature.

The trial court's dismissal is affirmed.

WE CONCUR:

---

[11] 162 Wn. App. 756, 754-55, 259 P.3d 280 (2011).
[12] Pasado's, 162 Wn. App. at 761-62.